1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID W. WILSON,

11              Plaintiff,                    No. CIV S-06-1629 GEB KJM P

12        vs.

13   OFFICER K. WANN, et al.,                 ORDER AND

14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se with an action filed under 42 U.S.C.

17   § 1983.  This action is currently proceeding against defendant Wann for claims arising under the

18   First and Eighth Amendments.  See October 23, 2007 Order.  Defendant has filed a motion to

19   dismiss.

20   I.  "Three Strikes" Dismissal

21              First, defendant asserts this action should be dismissed under 28 U.S.C. § 1915(g).

22   Under that statute, an inmate cannot bring an action in forma pauperis if, on three prior occasions

23   and while incarcerated, he or she brought actions in federal court that were dismissed as

24   frivolous, malicious or for failure to state a claim upon which relief can be granted.  The

25   information presented by defendant indicates that plaintiff has one case that qualifies as a "strike"

26   under § 1915(g).  Def't's Request for Judicial Notice, Ex. A (2003 dismissal as "legally and/or

1

1  factually patently frivolous.").  The other cases identified by defendant had not yet been

2  dismissed before this action was filed.  Id., Exs. B, C, D & E.  Therefore, plaintiff was not

3  precluded from bringing this action under the in forma pauperis statute when he did so.

4  II.  Dismissal For Failure To Exhaust

5         Second, defendant asks that this action be dismissed because plaintiff failed to

6  exhaust administrative remedies with respect to his remaining claims prior to bringing this

7  action.  A motion to dismiss for failure to exhaust administrative remedies prior to filing suit

8  arises under Rule 12(b) of the Federal Rules of Civil Procedure.  Wyatt v. Terhune, 315 F.3d

9  1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for a failure to exhaust non-judicial

10  remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Id. at

11  1120.  If the district court concludes that the prisoner has not exhausted non-judicial remedies,

12  the proper remedy is dismissal of the claim without prejudice.  Id.

13         The Prison Litigation Reform Act provides that "[n]o action shall be brought with

14  respect to prison conditions under section 1983 of this title, . . . until such administrative

15  remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  California prison regulations

16  provide administrative procedures in the form of one informal and three formal levels of review

17  to address plaintiff's claims.  See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7.  Administrative

18  procedures generally are exhausted once a prisoner has received a "Director's Level Decision,"

19  or third level review, with respect to his issues or claims.  Cal. Code Regs. tit. 15, § 3084.5.  All

20  steps must be completed before a civil rights action is filed, unless a plaintiff demonstrates a step

21  is unavailable to him; exhaustion during the pendency of the litigation will not save an action

22  from dismissal.  McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).  Defendant bears the

23  burden of proving plaintiff's failure to exhaust.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th

24  Cir.), cert. denied sub nom, Alameida v. Wyatt, 540 U.S. 810 (2003).

25         In his amended complaint plaintiff, alleges he was denied the right to practice his

26  religion because defendant denied him access to religious materials, including a Bible.  He also

1  asserts he was subjected to cruel and unusual punishment because defendant denied plaintiff

2  access to personal items plaintiff requires to maintain his health.  Plaintiff alleges he was denied

3  access to these items by defendant on or around February 23, 2006.  See Am. Compl. at

4  18:19-20:4.[1]

5          In response to defendant's motion, plaintiff does not dispute defendant's

6  contention that he never obtained a "Director's Level Decision" with respect to any of the claims

7  remaining in this action.  Plaintiff suggests that administrative remedies were not available to

8  him due to the actions of prison staff, that he attempted to submit grievances to all the right

9  persons, and that he therefore qualifies for an "exception" to the exhaustion requirement.  See

10  Opp'n (docket no. 21) at 5-10.[2]

11          The evidence to which plaintiff points in his opposition brief does not support an

12  exception to the exhaustion requirement or the proposition that administrative remedies were not

13  available to him.  See id. at 24, 31-35, 49, 53-67, 69-79, 81-91, 95-98 (Exs. 7(f), TA, KW).  The

14  record shows plaintiff complained to various people in various ways (often not using official

15  grievance forms), and that he initiated the grievance process with respect to at least some of his

16  claims.  Id.  Along with many apparently irrelevant exhibits, plaintiff provides a copy of the

17  grievance that coincides most closely with his litigation claims, as an exhibit to his amended

18  complaint.  See Am. Compl. at 62-64; Opp'n at 64-66.  It appears this grievance was returned to

19  plaintiff initially because, among other things, it contained too many claims involving different

20  subjects, and a second time because he had not attached a required property receipt.  Opp'n at 71,

21

22          [1] Page references are to those assigned by the court's CM/ECF system.

23          [2] Plaintiff cites Wyatt, 315 F.3d at 1120 & n.15, and Ngo v. Woodford, 403 F.3d 620

24  (9th Cir. 2005), as recognizing there can be an exception to the exhaustion requirement.  Wyatt
   does make a passing reference in dicta to the possibility of an exception, without standing for any
   proposition that is helpful to plaintiff here.  Ngo was reversed by the U.S. Supreme Court.  See

25  Woodford v. Ngo, 548 U.S. 81 (2006).  Moreover, there is no futility exception to the exhaustion
   of administrative remedies requirement found in 42 U.S.C. § 1997e(a).  Booth v. Churner, 532

26  U.S. 731, 741 (2001).

1  77.  Nothing suggests plaintiff could not cure the deficiencies in his submissions, and then

2  resubmit his grievance again at the appropriate level.  Plaintiff's apparent position -- that his

3  resorting to letters to the Office of the Inspector General, CDCR's Office of Internal Affairs and

4  the Warden was justified, without further attempting to exhaust -- is unsupported.  See Opp'n at

5  68-69, 77.  In particular, nothing indicates plaintiff was foreclosed or relieved from proceeding

6  through all steps in the grievance process.  By pointing to the gaps in plaintiff's efforts to

7  properly exhaust, defendant has met his burden.

8            For all the foregoing reasons, the court will recommend that this action be

9  dismissed for plaintiff's failure to exhaust available administrative remedies with respect to his

10  claims prior to filing suit.  Because the court is recommending dismissal, the court need not

11  address the other arguments in favor of dismissal asserted in defendant's motion to dismiss.

12  III.  Requests For Judicial Notice

13            Both parties have filed several requests for judicial notice.  The court may take

14  judicial notice of adjudicative facts not subject to reasonable dispute.  See Fed. R. Evid. 201.

15            The court will grant defendant's January 22, 2008 and February 15, 2008 requests

16  for judicial notice of the fact of dismissal of certain other cases filed by plaintiff, as demonstrated

17  by the court records defendant has provided.

18            Plaintiff requests judicial notice of all the exhibits attached to his opposition to

19  defendant's motion to dismiss.  These exhibits do not satisfy the requirements for the taking of

20  judicial notice.  However, to the extent defendant has not objected to certain of the exhibits

21  referenced in these findings, and referenced them in his own filings, the court has relied on them.

22  IV.  Plaintiff's Other Filings

23            On February 11, 2008, plaintiff filed a second opposition to defendant's motion to

24  dismiss.  Defendant asks that the opposition be stricken.  The "second" opposition appears to be

25  a duplicate copy of the first, with a complete set of exhibits.  Because it does not appear that the

26  "second" opposition reflects any substantive change in plaintiff's arguments, and defendant will

1   not be prejudiced by the court's consideration of the complete exhibits, defendant's motion will

2   be denied.  Plaintiff's original opposition, however, will be disregarded.

3          Plaintiff filed a sur-reply concerning defendant's motion to dismiss on March 3,

4   2008.  Sur-replies are not generally allowed under the Local Rules of this court.  See Local Rule

5   78-230(m).  Because plaintiff did not seek leave to file a sur-reply, his sur-reply will be stricken.

6          Finally, the court notes that plaintiff has filed a motion for a preliminary

7   injunction.  It does not appear the motion concerns the actions of defendant Wann or that

8   plaintiff wants the court to order Wann to take some action.  Considering these facts, that the

9   court is recommending that this action be dismissed, and nothing in plaintiff's motion suggests

10  the outcome of defendant's motion to dismiss might be different if plaintiff obtained the relief

11  requested, the court will recommend that plaintiff's motion for a preliminary injunction be

12  denied.  To the extent plaintiff seeks relief from persons other than defendant Wann, he may not

13  obtain such relief in this lawsuit.

14         In accordance with the above, IT IS HEREBY ORDERED that:

15             1.  Defendant's January 22, 2008 (#16) request for judicial notice is granted;

16             2.  Plaintiff's February 8, 2008 opposition (#18) is disregarded;

17             3.  Plaintiff's February 11, 2008 (#21) request for judicial notice is denied;

18             4.  Defendant's February 15, 2008 request for judicial notice (#24) is granted;

19             5.  Plaintiff's March 3, 2008 request for judicial notice (#29) is denied;

20             6.  Defendant's motion to strike (#22) is denied; and

21             7.  Plaintiff's sur-replies concerning defendant's motion to dismiss (##27, 28) are

22  stricken from the record.

23         IT IS HEREBY RECOMMENDED that:

24             1.  Plaintiff's "motion for temporary restraining order" (#32) be denied;

25             2.  Defendant's motion to dismiss (#16) be granted; and

26  /////

1         3. This action be dismissed for plaintiff's failure to exhaust administrative

2 remedies with respect to his claims prior to filing suit.

3         These findings and recommendations are submitted to the United States District

4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

5 days after being served with these findings and recommendations, any party may file written

6 objections with the court and serve a copy on all parties. Such a document should be captioned

7 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

8 shall be served and filed within ten days after service of the objections. The parties are advised

9 that failure to file objections within the specified time may waive the right to appeal the District

10 Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11 DATED: September 5, 2008.

12

13                               _____

14                            U.S. MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26 1/wils1629.57